**In the Matter of ONONDAGA OPERATING CORP., Bankrupt.**

**No. 322, Docket 35309.**

United States Court of Appeals, Second Circuit.

Argued Dec. 18, 1970.

Decided March 12, 1971.

Joseph W. Burns, New York City (Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer, Syracuse, N. Y.), pro se, appellants.

Robert S. Watkins, Atty., U. S. Dept. of Justice, Tax Division, Washington, D. C. (James M. Sullivan, Jr., U. S. Atty., for the Northern District of New York, Syracuse, N. Y., Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Meyer Rothwacks and Joseph H. Reiter, Attys., Washington, D. C., of counsel), for the Internal Revenue Service and the United States, appellees.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

The appellants were the attorneys for the trustee of the bankrupt. They contest the adequacy of the compensation awarded to them by the bankruptcy court.

The order appealed from awarded a final payment of compensation from the bankrupt estate in the amount of $3,500. The appellants contend that they should have received as a final payment $15,-000. The $3,500 final payment resulted in total compensation to the appellants of $14,500 which constitutes about one-third of the bankrupt's estate, but reflects a compensation of a mere $12.35 an hour. The appellants point out that much effort was spent in successfully resisting various claims against the estate.

However, it is clear that there was no abuse of discretion in this case. As stated in 3A Collier on Bankruptcy:

"In view of the primary purpose of bankruptcy liquidation it is not surprising to find that, aside from the principle of economy, the *results achieved* constitute the factor of greatest determinative weight * * *. But even where the estate undoubtedly benefited, for instance where the total amount of claims was reduced thanks to counsel's effort, there may be at least two reasons for reducing his compensation as earned by the benefit conferred. One is the estate's financial inability to carry the burden of adequate remuneration * * *." ¶ 62.12 [5], at 1491-3.

Accordingly, the order appealed from, approving the referee's determination as to compensation, is affirmed.